**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| XIAMEN PVTECH CORPORATION, LTD. | ) | |
| | ) | CIVIL ACTION NO. 2:25-cv-01204 |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| JIAXING SUPER LIGHTING ELECTRIC | ) | |
| APPLIANCE CO., LTD. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Xiamen Pvtech Corporation, Ltd. ("Pvtech"), a manufacturer of LED tube lighting,

brings this Complaint against Defendant Jiaxing Super Lighting Electric Appliance Co., Ltd.

("Super Lighting") for patent infringement relating to U.S. Patent Nos. 11,209,150 (the "'150

Patent"); 11,536,419 (the "'419 Patent"); 10,161,571 (the "'571 Patent"); 10,749,303 (the "'303

Patent"); 10,349,474 (the "'474 Patent"); 10,645,784 (the "'784 Patent"); 11,122,671 (the "'671

Patent"); 10,895,352 (the "'352 Patent"); 11,408,601 (the "'601 Patent"); and 11,083,065 (the

"'065 Patent") (collectively, the "Patents-in-Suit"). Defendant Super Lighting infringes each of

the Patents-in-Suit in violation of the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

Rather than competing on the merits of product quality and value, Super Lighting has

misappropriated Pvtech's patented technology while simultaneously advancing baseless

infringement claims against Pvtech and its customers in an effort to exclude Pvtech from the

marketplace. Founded in 2010 with the goal of becoming the world's premier LED tube lighting

manufacturer, Pvtech now faces an aggressive campaign by Super Lighting, a larger company

founded in 1993 and historically focused on fluorescent lighting products, seeking to leverage its size to intimidate Pvtech and its customers through meritless patent assertions. Pvtech, like any respectable business, seeks to protect itself and its customers through this lawsuit, and therefore alleges as follows:

## THE PARTIES

1.      Plaintiff Pvtech is a company organized and existing under the laws of the People's Republic of China with its principal place of business at No. 206, Middle Neian Road, Xiamen, Fuijan, China.

2.      Defendant Super Lighting is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business at No. 1288 Jiachuang Rd., Xiuzhou Area, Jiaxing, Zhejiang, China.

## JURISDICTION AND VENUE

3.      This action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction of the action under the above statutes, including 35 U.S.C. § 271, et seq, 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

4.      Super Lighting is subject to personal jurisdiction in this Court. In particular, Super Lighting is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Super Lighting's substantial business in this Judicial District, including: (i) at least a portion of the infringement alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

5.      Upon information and belief, Super Lighting sells and supplies infringing lighting products into the stream of commerce with the knowledge and purposeful intent that they be purchased and used by customers in this Judicial District, therefore obtaining the benefits and protections of the state's laws; the dispute arises out of and has a substantial connection with Super Lighting's contacts with Texas, including the importation, use, offer for sale, and sale of Super Lighting's infringing lighting products; and the exercise of jurisdiction is fair and reasonable.

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(c), which provides that "a defendant not resident in the United States may be sued in any judicial district."

## PATENTS-IN-SUIT

7.      On December 28, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '150 Patent, entitled "Color temperature adjustable lamp socket and color temperature adjustable lamp tube." A true and correct copy of the '150 Patent is attached hereto as Exhibit 1.

8.      On December 27, 2022, the USPTO duly and legally issued the '419 Patent, entitled "Lighting device with improved luminous performance." A true and correct copy of the '419 Patent is attached hereto as Exhibit 2.

9.      On December 25, 2018, the USPTO duly and legally issued the '571 Patent, entitled "LED tube with safety device." A true and correct copy of the '571 Patent is attached hereto as Exhibit 3.

10.     On August 18, 2020, the USPTO duly and legally issued the '303 Patent, entitled "Lamp device with changeable lamp socket." A true and correct copy of the '303 Patent is attached hereto as Exhibit 4.

11.     On July 9, 2019, the USPTO duly and legally issued the '474 Patent, entitled "Lamp tube capable of rectifying and stabilizing voltages." A true and correct copy of the '474 Patent is attached hereto as Exhibit 5.

12.     On May 5, 2020, the USPTO duly and legally issued the '784 Patent, entitled "Electric leakage protection electronic rectifier and lamp with electric leakage protection electronic rectifier." A true and correct copy of the '784 Patent is attached hereto as Exhibit 6.

13.     On September 14, 2021, the USPTO duly and legally issued the '671 Patent, entitled "Light tube with anti-electric shock protection function and capable of being supplied with electricity by electrical ballast and alternate-current power supply in working frequency." A true and correct copy of the '671 Patent is attached hereto as Exhibit 7.

14.     On January 19, 2021, the USPTO duly and legally issued the '352 Patent, entitled "LED tube capable of being supplied with electricity by electrical ballast and mains supply." A true and correct copy of the '352 Patent is attached hereto as Exhibit 8.

15.     On August 9, 2022, the USPTO duly and legally issued the '601 Patent, entitled "Illumination device with couple lamp tubes having temperature and power adjustment functions." A true and correct copy of the '601 Patent is attached hereto as Exhibit 9.

16.     On August 3, 2021, the USPTO duly and legally issued the '065 Patent, entitled "Driving circuit device for anti-leakage led tube with dual-end input." A true and correct copy of the '065 Patent is attached hereto as Exhibit 10.

17.     Pvtech is the sole owner of the Patents-in-Suit and holds the right to take all actions necessary to enforce its rights to the Patents-in-Suit including the filing of this lawsuit and recover damages for Super Lighting's infringement of the Patents-in-Suit.

### ACCUSED PRODUCTS

18.     Upon information and belief, Super Lighting manufactures and supplies lighting products to multiple branded lighting suppliers including, for example, RAB Lighting; Precision Lighting & Transformer Solutions (PLT Solutions); Keystone Technologies; Light Efficient Design; and Green Creative.

19.     The DesignLights Consortium (DLC) maintains a publicly available Qualified Products List as an industry resource for identifying high-performing, energy-efficient LED lighting products. *Increasing Efficiency and LED Adoption in CEA,* DLC, https://designlights.org//.Products listed on the Qualified Products List undergo rigorous evaluation to ensure they meet DLC's technical requirements for performance, reliability, and energy savings. The Qualified Products List provides a large range of detailed technical information about each registered product and serves as a trusted reference for utilities, energy efficiency programs, and commercial buyers.

20.     A comparative analysis of various products included the DLC's the Qualified Products List reveals that many lighting products marketed under branded lighting supplier names (such as RAB Lighting, PLT Solutions, Keystone Technologies, Light Efficient Design, and Green Creative) share identical technical specifications with products registered to and manufactured by Super Lighting. Upon information and belief, as strongly indicated by these duplicate product registrations, Super Lighting is the original manufacturer and supplier of these products, which are then rebranded and sold by the respective branded lighting suppliers. Exhibit 21 is an excerpt of the DLC's Qualified Products List showing technical specifications for products registered to and manufactured by Super Lighting alongside their identical branded lighting supplier counterpart products.

21.      Upon information and belief, Super Lighting manufactures infringing RAB Lighting lighting products, including but not limited to model numbers T10261(T8-9-24G-830-SD-BYP USA), T10262(T8-9-24G-835-SD-BYP USA), T10263(T8-9-24G-840-SD-BYP USA), T10264(T8-9-24G-850-SD-BYP USA), T10277(T8-96G-DE-BYP), T10290(T8-U6G-SD-HYB), T10291(T8-U1G-SD-HYB), T10300(T8-96G-DE-BYP-C), T10301(T5HO-25-48G-8CCT-SD-BYP), T20057(T5HO-25-48G-830-SD-BYP), T20058(T5HO-25-48G-835-SD-BYP), T20059(T5HO-25-48G-840-SD-BYP), T20060(T5HO-25-48G-850-SD-BYP), T8-10.5-48G-835-SD-BYP, T8-10.5-48G-840-SD-BYP, T8-10.5-48G-850-SD-BYP, T8-13-48G-830-SD-BYP, T8-13-48G-835-SD-BYP, T8-13-48G-840-SD-BYP, T8-13-48G-850-SD-BYP, T8-14-48G-830-SD-BYP, T8-14-48G-835-SD-BYP, T8-14-48G-840-SD-BYP, T8-14-48G-850-SD-BYP, T8-17.5-48G-830-SD-BYP, T8-17.5-48G-835-SD-BYP, T8-17.5-48G-840-SD-BYP, T8-17.5-48G-850-SD-BYP, T8-17-48G-830-SD-BYP, T8-17-48G-835-SD-BYP, T8-17-48G-840-SD-BYP, T8-17-48G-850-SD-BYP, T8-8-48G-835-SD-BYP, T8-8-48G-840-SD-BYP, T8-8-48G-850-SD-BYP, T8-9.5-48G-830-SD-BYP/2, T8-9.5-48G-835-SD-BYP/2, T8-9.5-48G-840-SD-BYP/2, T8-9.5-48G-850-SD-BYP/2, T8-9-24G-830-SD-BYP, T8-9-24G-835-SD-BYP, T8-9-24G-840-SD-BYP, and T8-9-24G-850-SD-BYP. The infringing RAB Lighting lighting products are imported, sold, and offered for sale to customers throughout the United States, including over the internet and in brick-and-mortar stores in this Judicial District, as shown below:



*Find a RAB Distributor*, RAB, https://www.rablighting.com/where-to-buy.



*RAB 96" Field-Adjustable LED T8 - 5,500 Max Lumens - Wattage & CCT Selectable - Interchangeable Base - Ballast Bypass - Opposing End Wired - 120-277V – Frosted*, Prolighting, https://www.prolighting.com/rab-96in-led-t8-interchangeable-base-ballast-bypass-frosted-t8-96g-de-byp.html?srsltid=AfmBOoqeHay1n74m-JjsO0z3mtyq_ifknyFL06yapL6xn2dOkY9fDF9x (highlight added).



*RAB Lighting T8-14-48G-850-SD-BYP Outdoor (ASIN: B09ZH4ZVKD)*, Amazon, https://www.amazon.com/dp/B09ZH4ZVKD?ref=cm_sw_r_cp_ud_dp_J5P4VBECA1RDHNTS 6B6V&ref_=cm_sw_r_cp_ud_dp_J5P4VBECA1RDHNTS6B6V&social_share=cm_sw_r_cp_u d_dp_J5P4VBECA1RDHNTS6B6V (highlight added).



*RAB Lighting T8-17-48G-840-SD-BYP Outdoor (ASIN: B09ZH781K4)*, Amazon,

https://www.amazon.com/dp/B09ZH781K4?ref=cm_sw_r_cp_ud_dp_BAMZ1KZ5S07MP299D

PW4&ref_=cm_sw_r_cp_ud_dp_BAMZ1KZ5S07MP299DPW4&social_share=cm_sw_r_cp_ud

_dp_BAMZ1KZ5S07MP299DPW4 (highlighted).

  22. Upon information and belief, Super Lighting manufactures infringing PLT

Solutions lighting products, including by not limited to model numbers PLTSP32314(PLT-

50321), PLTSP32315(PLT-50322), PLTSP33216(PLT-50305), PLTSP3B112,

PLTSP3B113(PLT-90211), PLTSP3B114(PLT-90212), PLTSP3B115(PLT-90213),

PLTSP3B216(PLT-50304), PLTSP3C114(PLT-90214), PLTSP3C115(PLT-90215),

PLTSP3E213(PLTS-20109), PLTSP3E214(PLTS-20110), PLTSP3E215(PLTS-20111),

PLTSP41216(PLT-50302), PLTSP4D112, PLTSP4D115(PLT-90222), PLTSP4M22,

PLTSP4M23(PLTS-20125), PLTSP4M24(PLTS-20126), PLTSP4M25(PLTS-20127),

PLTSPB2216(PLT-50303), PLTSPE6216(PLT-50317), PLTSPEQ216(PLT-50316),

PLTSPF1216(PLT-50312), PLTSPI136(PLT-50336), PLTSPI236(PLT-50337),

PLTSPJ136(PLT-50338), PLTSPK136(PLT-50339), PLTSPK236(PLT-50340),

PLTSPL136(PLT-50341), and PLTSPM136(PLT-50342). The infringing PLT Solutions lighting

products are imported, sold, and offered for sale to customers throughout the United States,

including at least over the internet in this Judicial District, as shown below:



*4 ft. LED T8 Tube – Color Selectable – 1800 Lumens – Type B – Operates Without Ballast*,

1000Bulbs, https://www.1000bulbs.com/product/224831/PLT-

50304.html?srsltid=AfmBOoqlXUmKrB4KlgeM_CGZoX50RFd7jKyoTZZq2aRv2yS0utLVt8I

M (highlight added).

     23.     Upon information and belief, Super Lighting manufactures infringing Keystone

Technologies lighting products, including but not limited to model numbers KT-LED10.5T8-

48G-827-DX2, KT-LED10.5T8-48G-830-DX2, KT-LED10.5T8-48G-835-DX2, KT-

LED10.5T8-48G-840-DX2, KT-LED10.5T8-48G-850-DX2, KT-LED12.5T5HE-48GC-8CSJ-

DX2, KT-LED15PST8-U1G-8CSJ-X3, KT-LED15PST8-U6G-8CSJ-X3, KT-LED25T5HO-

48GC-8CSJ-DX2, KT-LED40PST8-96G-8CSJ-D2, KT-LED40PST8-96GC-8CSJ-D2, KT-LED40PST8-D48G-8CSJ-D2, KT-LED40PST8-D48GC-8CSJ-D2, KT-LED9T8-24G-830-DX2/USA, KT-LED9T8-24G-835-DX2/USA, KT-LED9T8-24G-840-DX2/USA, and KT-LED9T8-24G-850-DX2/USA. The infringing Keystone Technologies lighting products are imported, sold, and offered for sale to customers throughout the United States, including at least over the internet in this Judicial District, as shown below:



*Keystone 96" 2 Piece T8 LED Lamp - 5,500 Max Lumens - Wattage & CCT Selectable - 120-277V - Double Ended,* Prolighting, https://www.prolighting.com/keystone-t8-led-40w-power-

select-48-glass-color-select-120-277v-double-ended-kt-led40pst8-d48g-8csj-d2.html?srsltid=AfmBOopVKi8Eby-ryOT8t-wTspq7j83rDjSkki0a6KZpLBwyC80CGTkg (highlight added).

24.    Upon information and belief, Super Lighting manufactures infringing Light Efficient Design products, including but not limited to model numbers LED-10T8-830DE48-G3, LED-10T8-835DE48-G3, LED-10T8-840DE48-G3, LED-10T8-850DE48-G3, LED-10T8-FCAB24-G4, LED-11T8-FCAB36-G4, LED-12T8-835DE36-G3, LED-12T8-835DE48-G3, LED-12T8-840DE36-G3, LED-12T8-840DE48-G3, LED-12T8-850DE36-G3, LED-12T8-850DE48-G3, LED-12T8-FCAB48-G4, LED-15T8-FCAB48-G4, LED-9T8-835DE24-G3, LED-9T8-840DE24-G3, and LED-9T8-850DE24-G3. The infringing Light Efficient Design lighting products are imported, sold, and offered for sale to customers throughout the United States, including at least over the internet in this Judicial District, as shown below:



*Light Efficient Design 48" LED T8 Retrofit Tube - 15W - Type A/B - CCT Selectable - 2,200 Lumens- 120-277V*, Prolighting, https://www.prolighting.com/led-15t8-fcab48-g4.html?srsltid=AfmBOorsBAzi0C4dwj92s-blsn8ppI5XUK_KQULUzwpq0kLO29iBMguB (highlighting added).

25.     Upon information and belief, Super Lighting manufactures infringing Green Creative lighting products, including but not limited to model numbers 36561(8T8/2F/830/DIR/RD), 36562(8T8/2F/835/DIR/RD), 36563(8T8/2F/840/DIR/RD),

36564(8T8/2F/850/DIR/RD), 36572(14T8/4F/835/DIR), 36573(14T8/4F/840/DIR),

36574(14T8/4F/850/DIR), 36713(14T8/4F/830/DIR), 37401(10T8/4F/830/UEB),

37402(10T8/4F/835/UEB), 37403(10T8/4F/840/UEB), 37404(10T8/4F/850/UEB),

10T8/4F/830/UEB/C, 37405(10T8/4F/840/UEB/C), 37406(10T8/4F/850/UEB/C),

14T8/4F/830/UEB, 37407(14T8/4F/835/UEB), 37408(14T8/4F/840/UEB),

37409(14T8/4F/850/UEB), and 38105(40T8/8F/8CCTS/DEB/SD/C). The infringing Green

Creative lighting products are imported, sold, and offered for sale to customers throughout the

United States, including at least over the internet in the Judicial District, as shown below.



*4 ft. LED T8 Tube - 5000 Kelvin - 2200 Lumens - Type B - Operates Without Ballast*, 1000Bulbs, https://www.1000bulbs.com/product/228802/GRNCRTV-37409CS.html?srsltid=AfmBOoroRTTQN7nv_Wx9jSI-mCK6GXsZNv-VWnlKTO7Ax7w_FMv3ilvD# (highlight added).

26.    Super Lighting has infringed and continues to infringe the Patents-in-Suit. Charts showing infringement of exemplary claims of the Patents-in-Suit by representative features and functionality of accused lighting products are attached as Exhibits 11-20 and incorporated herein.

Pvtech reserves the right to assert additional patents and claims and to identify additional accused lighting products.

27.    As described below, Super Lighting has been and continues to infringe the Patents-in-Suit by making, using, offering for sale, selling, or importing accused lighting products that practice the Patents-in-Suit.

## **FACTUAL BACKGROUND**

**Pvtech**

28.    Since its founding on April 21, 2010, Pvtech has been actively engaged in the LED light manufacturing industry. The company has consistently demonstrated a strong commitment to quality, efficiency, and competitive pricing, earning numerous recognitions and awards over the years. In 2014, Pvtech achieved ISO9001 certification[1], confirming that its Quality Management System complies with the international ISO9001:2008 standard. This certification ensures consistent product and service quality while promoting continuous improvement. Pvtech's core values—integrity, persistence, innovation, unity, and introspection—guide its operations. Its mission is to reduce environmental burden and deliver human-centered lighting solutions, while its vision is to become the world's leading brand in industrial lighting.

---

[1] ISO 9001 is a globally recognized standard for quality management. It helps organizations of all sizes and sectors to improve their performance, meet customer expectations and demonstrate their commitment to quality. Its requirements define how to establish, implement, maintain, and continually improve a quality management system (QMS). Implementing ISO 9001 means your organization has put in place effective processes and trained staff to deliver flawless products or services time after time. *What is ISO 9001?*, INTERNATIONAL STANDARDS ORGANIZATION, https://www.iso.org/standard/62085.html#:~:text=What%20is%20ISO%209001?,increased%20customer%20trust%20and%20satisfaction (last visited Dec. 4, 2025),

29.     Pvtech has consistently prioritized innovation, intellectual property development, and patent rights. In recognition of its commitment to intellectual property, the company received the Fujian Intellectual Property Advantage Enterprise award in both 2017 and 2020, and the Xiamen Intellectual Property Pilot Enterprise award in 2017. Pvtech's patented tubular LED lamp—featuring a lamp head with positioning, locking, and rotation functions—earned the Xiamen Patent Award Third Prize in 2017, a distinction granted to honor outstanding intellectual property achievements. In 2023, Pvtech received the same award again for its LED lamp with a booster circuit. The same year, the company won the Emerging Award at the inaugural Energy Electronics Industry Innovation Competition, a national event promoting innovation in the energy electronics sector, and was named for the second year in a row as one of the Top 100 Innovative Private Enterprises in Fujian Province by the Fujian Federation of Industry and Commerce (FIC). And just this year Pvtech was awarded Top 10 Intellectual Property Enterprises in Xiamen 2025.

30.     Pvtech's focus on intellectual property and patent rights extends past national borders. Pvtech holds over 1,050 global technology patents and pending applications.

31.     Pvtech's General Manager, Fuxing (Karl) Lu, has championed innovation, intellectual property, and patent protection since the company's founding. Together, with co-founder William Cai, he chose to establish Pvtech in Xiamen's Innovation and Pioneer Park—a hub of advanced industries and technological innovation. Over a decade later, Karl Lu continues to credit this strategic decision as a key factor in the company's growth and success.



*Company News: PVTech 14th Anniversary,* PVTech,

https://www.pvtech.com.cn/index.php/Ne_d_gci_22_id_455.html.

**<u>Super Lighting</u>**

32.     Founded in 1993, in Jiaxing, Zhejiang, China, Super Lighting began as a

manufacturer of fluorescent lamp tubes. The company entered the LED lighting industry in 2016

with the development of its automatic TLED production line. Despite its higher pricing

compared to competitors, Super Lighting's technology no longer meets certain client

specifications.

33.     Super Lighting's patent filing strategy involves a complex and nearly

indecipherable web of intertwining priority dates. The image below illustrates the claimed

priority relationships between 422 U.S. applications and related priority documents—

representing more than half of Super Lighting's 829 global patent family filings.



34. Pvtech, on the other hand appropriately limits its priority claims resulting in simple, clear patent family chains. For example, the patent families of all 10 of the Patents-in-Suit consist of a single foreign priority patent, as shown below:



**Dealings Between the Parties**

35. Over the past several years, Pvtech and Super Lighting have engaged business communications regarding the sale and distribution of LED lighting products. During this time, Super Lighting accused Pvtech and its customer, Luxrite, of patent infringement, initiating Amazon takedown procedures, APEX patent evaluations. Pvtech consistently maintained that its products do not infringe Super Lighting's patents and has sought to resolve the matter through licensing and cross-licensing discussions. Despite these efforts, Super Lighting rejected all

proposals and continued asserting its patent rights, including threats of litigation and demands for participation in its licensing program.

36.    In 2023, Super Lighting identified certain LED lighting products sold by Luxrite on Amazon as allegedly infringing and initiated the APEX process. Although Luxrite did not participate, Super Lighting later requested reinstatement of several listings. Pvtech was not involved in these discussions but was identified by Super Lighting as the manufacturer of some disputed products.

37.    In late 2024, Super Lighting directly accused Pvtech of infringement. Pvtech disputed the claims and expressed willingness to resolve the matter amicably. Super Lighting responded with escalating threats, including demands for a "productive resolution" and threats of "triple damages."

38.    Pvtech provided detailed legal support for its non-infringement position and identified Super Lighting products that infringed Pvtech's patents. Although Pvtech maintained that its products do not infringe, it proposed a cross-license agreement to encourage fair competition and sustainable growth within the industry and requested that Super Lighting cease its interference. Super Lighting refused, dismissed Pvtech's patent portfolio, and its proposal of a cross license.

39.    Pvtech responded with further claim charts and requested reciprocal analysis. On May 13, 2025, Super Lighting replied with a draft complaint and demanded a settlement proposal. Pvtech identified errors in Super Lighting's claims and reaffirmed its commitment to defending its rights and protecting its business and customers. This lawsuit followed.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,209,150

40.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

41.     The '150 Patent was duly and legally issued on December 28, 2021. The '150 Patent is valid and enforceable. A copy of the '150 Patent is attached hereto as Exhibit 1, and the cover page of the '150 Patent is provided below.



## (12) United States Patent
### Lu et al.

(10) Patent No.: **US 11,209,150 B1**
(45) Date of Patent: **Dec. 28, 2021**

(54) **COLOR TEMPERATURE ADJUSTABLE LAMP SOCKET AND COLOR TEMPERATURE ADJUSTABLE LAMP TUBE**

(71) Applicant: **Xiamen PVTECH Co., Ltd.,** Fujian (CN)

(72) Inventors: **Fuxing Lu,** Fujian (CN); **Rongtu Liu,** Fujian (CN); **Honggang Sun,** Fujian (CN)

(73) Assignee: **Xiamen PVTECH Co., Ltd.,** Fujian (CN)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **17/195,552**

(22) Filed: **Mar. 8, 2021**

(30) **Foreign Application Priority Data**

Jan. 27, 2021    (CN) ........................ 202110114081.8

(51) **Int. Cl.**
| | |
|---|---|
| *F21V 23/04* | (2006.01) |
| *F21V 15/015* | (2006.01) |
| *F21K 9/272* | (2016.01) |
| *F21K 9/275* | (2016.01) |
| *F21Y 113/10* | (2016.01) |

(52) **U.S. Cl.**
CPC .............. *F21V 23/04* (2013.01); *F21K 9/272* (2016.08); *F21K 9/275* (2016.08); *F21V 15/015* (2013.01); *F21Y 2113/10* (2016.08)

(58) **Field of Classification Search**
CPC ........ F21S 10/023; F21V 23/04; F21K 9/272; F21K 9/275
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 9,719,642 B1* | 8/2017 | Macias | H05B 45/10 |
| 2010/0102729 A1* | 4/2010 | Katzir | F21K 9/278 315/113 |
| 2012/0106157 A1* | 5/2012 | Simon | H01R 33/96 362/249.05 |
| 2020/0187319 A1* | 6/2020 | Jiang | H05B 47/19 |
| 2021/0054974 A1* | 2/2021 | Li | F21K 9/272 |

* cited by examiner

*Primary Examiner* — William N Harris
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57) **ABSTRACT**

A lamp socket of a color temperature adjustable lamp tube includes a housing and a color temperature adjustment member. The color temperature adjustment member is disposed on the housing and is connected to a plurality of light emitting members corresponding to two or more color temperatures. The color temperature adjustment member is provided for switching the light emitting members to change the color temperature of a light.

**8 Claims, 8 Drawing Sheets**

42.    Figure 4, which shows a claimed embodiment particularly relevant to the present infringement, is also provided below.



43.    Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '150 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 11 (the "'150 Accused Products"). Pvtech reserves the right to assert additional claims of the '150 Patent.

44.    Super Lighting, on information and belief, has indirectly infringed the '150 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '150 Accused Products while knowing that the '150 Accused Products infringe the '150 Patent.

45.    Upon information and belief, the '150 Accused Products satisfy each of the limitations of at least claim 1 of the '150 Patent, as further set forth in Exhibit 11 and incorporated herein.

46.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

47.     On information and belief, despite Super Lighting's knowledge of the '150 Patent and of its infringement of the '150 Patent, Super Lighting has not sought to remedy its infringement.

48.     As a result of Super Lighting's infringement of the '150 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

49.     In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 11 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### <u>COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,536,419</u>

50.     Pvtech realleges, and incorporates fully herein, each preceding paragraph.

51.     The '419 Patent was duly and legally issued on December 27, 2022. The '419 Patent is valid and enforceable. A copy of the '419 Patent is attached hereto as Exhibit 2, and the cover page of the '419 Patent is provided below.



(12) **United States Patent**
Lu et al.

(10) Patent No.:  US 11,536,419 B1
(45) Date of Patent:  Dec. 27, 2022

(54) **LIGHTING DEVICE WITH IMPROVED LUMINOUS PERFORMANCE**

(71) Applicant: **Xiamen PVTECH Co., Ltd.**, Fujian (CN)

(72) Inventors: **Fuxing Lu**, Fujian (CN); **Zhirong Lin**, Fujian (CN)

(73) Assignee: **Xiamen PVTECH Co., Ltd.**, Fujian (CN)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **17/668,337**

(22) Filed: **Feb. 9, 2022**

(30) **Foreign Application Priority Data**

Dec. 8, 2021  (CN) .......................... 202111492684.8

(51) **Int. Cl.**
*F21K 9/60* (2016.01)
*F21Y 115/10* (2016.01)
*F21K 9/90* (2016.01)

(52) **U.S. Cl.**
CPC ................. *F21K 9/60* (2016.08); *F21K 9/90* (2013.01); *F21Y 2115/10* (2016.08)

(58) **Field of Classification Search**
CPC ...................................... F21K 9/60; F21K 9/90
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 9,644,828 B1 * | 5/2017 | May .......................... | F21S 9/022 |
| 2015/0285474 A1 * | 10/2015 | Martin .................. | H05K 1/0295 |
| | | | 362/249.02 |
| 2016/0040838 A1 * | 2/2016 | Zaderej ................. | F21V 23/06 |
| | | | 362/249.02 |
| 2016/0186940 A1 * | 6/2016 | Del Castillo ........... | F21K 9/278 |
| | | | 362/249.06 |

* cited by examiner

*Primary Examiner* — Eric T Eide
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57) **ABSTRACT**

A lighting device with improved luminous performance is provided, which includes a first light path, a second light path and a plurality of first light sources and second light sources. The first light path includes a plurality of first bending portions and second bending portions arranged in staggered arrangement. Each first bending portion and each second ending portion protrude from one side and the other side of a first reference line respectively. The first light sources are distributed over the second bending portions. The second light path is connected to the first light path in parallel, and includes a plurality of third bending portions and fourth bending portions arranged in the staggered arrangement. Each third bending portion and each fourth bending portion protrude from one side and the other side of a second reference line respectively. The second light sources are distributed over the third bending portions.

**8 Claims, 4 Drawing Sheets**

52.     Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '419 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products

including, but not limited to, the lighting products identified in Exhibit 12 (the "'419 Accused Products"). Pvtech reserves the right to assert additional claims of the '419 Patent.

53.    Super Lighting, on information and belief, has indirectly infringed the '419 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '419 Accused Products while knowing that the '419 Accused Products infringe the '419 Patent.

54.    Upon information and belief, the '419 Accused Products satisfy each of the limitations of at least claim 1 of the '419 Patent, as further set forth in Exhibit 12 and incorporated herein.

55.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

56.    On information and belief, despite Super Lighting's knowledge of the '419 Patent and of its infringement of the '419 Patent, Super Lighting has not sought to remedy its infringement.

57.    As a result of Super Lighting's infringement of the '419 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

58.    In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 12 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,161,571

59.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

60.    The '571 Patent was duly and legally issued on December 25, 2018. The '571

Patent is valid and enforceable. A copy of the '571 Patent is attached hereto as Exhibit 3, and the

cover page of the '571 Patent is provided below.



61.     Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '571 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 13 (the "'571 Accused Products"). Pvtech reserves the right to assert additional claims of the '571 Patent.

62.     Super Lighting, on information and belief, has indirectly infringed the '571 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '571 Accused Products while knowing that the '571 Accused Products infringe the '571 Patent.

63.     Upon information and belief, the '571 Accused Products satisfy each of the limitations of at least claim 1 of the '571 Patent, as further set forth in Exhibit 13 and incorporated herein.

64.     Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

65.     On information and belief, despite Super Lighting's knowledge of the '571 Patent and of its infringement of the '571 Patent, Super Lighting has not sought to remedy its infringement.

66.     As a result of Super Lighting's infringement of the '571 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

67.     In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 13 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,749,303

68.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

69.    The '303 Patent was duly and legally issued on August 18, 2020. The '303 Patent is valid and enforceable. A copy of the '303 Patent is attached hereto as Exhibit 4, and the cover page of the '303 Patent is provided below.

(12) **United States Patent**
Lu et al.

(10) Patent No.: **US 10,749,303 B2**
(45) Date of Patent: **Aug. 18, 2020**

(54) **LAMP DEVICE WITH CHANGEABLE LAMP SOCKET**

(71) Applicant: **Xiamen PVTECH Co., Ltd.**, Xiamen, Fujian (CN)

(72) Inventors: **Fuxing Lu**, Fujian (CN); **Xiaoping Lan**, Fujian (CN)

(73) Assignee: **Xiamen PVTECH Co., Ltd.**, Xiamen, Fujian (CN)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **16/510,973**

(22) Filed: **Jul. 14, 2019**

(65) **Prior Publication Data**

US 2020/0059053 A1     Feb. 20, 2020

(30) **Foreign Application Priority Data**

Aug. 17, 2018     (CN) .......................... 2018 1 0937663

(51) **Int. Cl.**
| | |
|---|---|
| *H01R 33/94* | (2006.01) |
| *F21V 17/06* | (2006.01) |
| *F21V 19/00* | (2006.01) |
| *H01R 33/08* | (2006.01) |

(52) **U.S. Cl.**
CPC ........... *H01R 33/942* (2013.01); *F21V 17/06* (2013.01); *F21V 19/0005* (2013.01); *H01R 33/08* (2013.01)

(58) **Field of Classification Search**
CPC ... H01R 33/942; H01R 33/08; F21V 19/0005; F21V 17/06
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2007/0242466 A1 * | 10/2007 | Wu ........................ F21V 19/008 362/362 |
| 2010/0201239 A1 * | 8/2010 | Mostoller ................ F21S 8/031 313/1 |
| 2015/0003053 A1 * | 1/2015 | Ariyoshi ............ F21V 23/0471 362/223 |
| 2015/0364886 A1 * | 12/2015 | Jansen .................... F21K 9/272 362/221 |

\* cited by examiner

*Primary Examiner* — Donald L Raleigh
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57) **ABSTRACT**

A lamp device with changeable lamp socket includes a light tube, a light source plate received in the light tube, and two lamp sockets locked with two ends of the light tube. The lamp socket includes a first tubular body, a first covering plate, and two conductive plugs. The lamp device further includes two adapter covers detachably locked on the lamp sockets. Each adapter cover includes a second tubular body, a second covering plate, and a conductive component. For each of the lamp sockets and the corresponding adapter cover, the conductive plugs are inserted into insertion holes of the second covering plate, and the conductive component is electrically connected to the conductive plugs, passes through an opening of the second covering plate, and exposed from the second covering plate.

**7 Claims, 4 Drawing Sheets**

70. Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '303 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 14 (the "'303 Accused Products"). Pvtech reserves the right to assert additional claims of the '303 Patent.

71. Super Lighting, on information and belief, has indirectly infringed the '303 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '303 Accused Products while knowing that the '303 Accused Products infringe the '303 Patent.

72. Upon information and belief, the '303 Accused Products satisfy each of the limitations of at least claim 1 of the '303 Patent, as further set forth in Exhibit 14 and incorporated herein.

73. Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

74. On information and belief, despite Super Lighting's knowledge of the '303 Patent and of its infringement of the '303 Patent, Super Lighting has not sought to remedy its infringement.

75. As a result of Super Lighting's infringement of the '303 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

76. In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 14 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,349,474

77.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

78.    The '474 Patent was duly and legally issued on July 9, 2019. The '474 Patent is valid and enforceable. A copy of the '474 Patent is attached hereto as Exhibit 5, and the cover page of the '474 Patent is provided below.

(12) **United States Patent**
Lu et al.

(10) **Patent No.:**    US 10,349,474 B2
(45) **Date of Patent:**       Jul. 9, 2019

(54)  **LAMP TUBE CAPABLE OF RECTIFYING AND STABILIZING VOLTAGES**

(71)  Applicant: **Xiamen PVTECH Co., Ltd.**, Xiamen, Fujian (CN)

(72)  Inventors: **Fuxing Lu**, Fujian (CN); **Minghui Qiu**, Fujian (CN); **Rongtu Liu**, Nanan (CN)

(73)  Assignee: **Xiamen PVTECH Co., Ltd.**, Xiamen, Fujian (CN)

( * )  Notice:    Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 91 days.

(21)  Appl. No.: **15/839,856**

(22)  Filed:    **Dec. 13, 2017**

(65)           **Prior Publication Data**
     US 2019/0014630 A1      Jan. 10, 2019

(30)        **Foreign Application Priority Data**

     Jul. 7, 2017   (CN) .......................... 2017 1 0549816

(51)  **Int. Cl.**
      **H05B 33/08**        (2006.01)
      *F21K 9/278*          (2016.01)
      *F21K 9/272*          (2016.01)
(52)  **U.S. Cl.**
      CPC ..... **H05B 33/0809** (2013.01); **H05B 33/0815** (2013.01); *F21K 9/272* (2016.08); *F21K 9/278* (2016.08); *H05B 33/0887* (2013.01)

(58)  **Field of Classification Search**
      USPC .................................. 362/222, 231, 235, 253
      See application file for complete search history.

(56)            **References Cited**

                U.S. PATENT DOCUMENTS

2013/0293151 A1 *  11/2013  Puvanakijjakom ..........................
                                                        H05B 33/0815
                                                             315/297
2014/0001885 A1 *   1/2014  Xiao .................... H03K 17/962
                                                             307/116

* cited by examiner

*Primary Examiner* — Allyson N Trail
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57)           **ABSTRACT**

An LED lamp tube capable of rectifying and stabilizing voltages includes an LED component. Two ends of the LED lamp tube respectively include two conductive pin assemblies, a polarity conversion module, a suppressor, and a voltage buck-booster module. The polarity conversion module includes two voltage conversion devices connected to the conductive pin assemblies. A set of capacitors is electrically connected between each of the voltage conversion devices to operate a circuit in an electronic rectifier to compensate and stabilize an input voltage.

**9 Claims, 4 Drawing Sheets**



79.    Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '474 Patent, in violation of 35 U.S.C. § 271(a) by making,

using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 15 (the "'474 Accused Products"). Pvtech reserves the right to assert additional claims of the '474 Patent.

80.    Super Lighting, on information and belief, has indirectly infringed the '474 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '474 Accused Products while knowing that the '474 Accused Products infringe the '474 Patent.

81.    Upon information and belief, the '474 Accused Products satisfy each of the limitations of at least claim 1 of the '474 Patent, as further set forth in Exhibit 15 and incorporated herein.

82.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

83.    On information and belief, despite Super Lighting's knowledge of the '474 Patent and of its infringement of the '474 Patent, Super Lighting has not sought to remedy its infringement.

84.    As a result of Super Lighting's infringement of the '474 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

85.    In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 15 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,645,784

86.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

87.    The '784 Patent was duly and legally issued on May 5, 2020. The '784 Patent is valid and enforceable. A copy of the '784 Patent is attached hereto as Exhibit 6, and the cover page of the '784 Patent is provided below.



88.     Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '784 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 16 (the "'784 Accused Products"). Pvtech reserves the right to assert additional claims of the '784 Patent.

89.     Super Lighting, on information and belief, has indirectly infringed the '784 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '784 Accused Products while knowing that the '784 Accused Products infringe the '784 Patent.

90.     Upon information and belief, the '784 Accused Products satisfy each of the limitations of at least claim 1 of the '784 Patent, as further set forth in Exhibit 16 and incorporated herein.

91.     Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

92.     On information and belief, despite Super Lighting's knowledge of the '784 Patent and of its infringement of the '784 Patent, Super Lighting has not sought to remedy its infringement.

93.     As a result of Super Lighting's infringement of the '784 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

94.     In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 16 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 11,122,671</u>

95.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

96.    The '671 Patent was duly and legally issued on September 14, 2021. The '671 Patent is valid and enforceable. A copy of the '671 Patent is attached hereto as Exhibit 7, and the cover page of the '671 Patent is provided below.



(12) **United States Patent**
Lu et al.

(10) Patent No.: **US 11,122,671 B1**
(45) Date of Patent: **Sep. 14, 2021**

(54) **LIGHT TUBE WITH ANTI-ELECTRIC SHOCK PROTECTION FUNCTION AND CAPABLE OF BEING SUPPLIED WITH ELECTRICITY BY ELECTRICAL BALLAST AND ALTERNATE-CURRENT POWER SUPPLY IN WORKING FREQUENCY**

(71) Applicant: **Xiamen PVTECH Co., Ltd.,** Fujian (CN)

(72) Inventors: **Fuxing Lu,** Fujian (CN); **Rongtu Liu,** Fujian (CN)

(73) Assignee: **Xiamen PVTECH Co., Ltd.,** Fujian (CN)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **17/002,787**

(22) Filed: **Aug. 26, 2020**

(30) **Foreign Application Priority Data**

Jun. 1, 2020   (CN) ........................ 202010485485.3

(51) Int. Cl.
*H05B 47/25* (2020.01)
*F21V 25/10* (2006.01)
*F21Y 103/00* (2016.01)

(52) U.S. Cl.
CPC ............ *H05B 47/25* (2020.01); *F21V 25/10* (2013.01); *F21Y 2103/00* (2013.01)

(58) **Field of Classification Search**
None
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 9,986,619 B2 * | 5/2018 | Hsia | H05B 47/26 |
| 2014/0265900 A1 * | 9/2014 | Sadwick | H05B 45/395 |
| | | | 315/200 R |
| 2016/0081147 A1 * | 3/2016 | Guang | H05B 45/3578 |
| | | | 315/123 |
| 2017/0079100 A1 * | 3/2017 | Park | F21K 9/00 |
| 2017/0311396 A1 * | 10/2017 | Sadwick | H05B 47/25 |
| 2018/0119893 A1 * | 5/2018 | Liu | F21K 9/278 |

* cited by examiner

*Primary Examiner* — Amy Cohen Johnson
*Assistant Examiner* — James H Cho
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57) **ABSTRACT**

A light tube with anti-electric shock protection function and capable of being supplied with electricity by electrical ballast and alternate-current power supply in working frequency includes two conductive pin assemblies, a bridge rectifier, an anti-electric shock detection control circuit, a direct-current filtering circuit, a bleeder resistor, a buck-boost constant current module, and a rectifier. The direct-current filtering circuit is connected to the anti-electric shock detection control circuit and the bleeder resistor. The direct-current filtering circuit performs a smoothing procedure to a direct-current pulse voltage signal which is rectified by the bridge rectifier, the direct-current filtering circuit generates a false voltage to the anti-electric shock detection control circuit, and the bleeder resistor reduces the false voltage. The rectifier is connected to the bridge rectifier to receive a rectifier circuit, and the electrical ballast inputs the voltage signal to the bridge rectifier.

**8 Claims, 1 Drawing Sheet**

97.     Super Lighting has directly infringed, either literally or under the doctrine of

equivalents, one or more claims of the '671 Patent, in violation of 35 U.S.C. § 271(a) by making,

using, selling, offering for sale, and/or importing into the United States infringing products

including, but not limited to, the lighting products identified in Exhibit 17 (the "'671 Accused Products"). Pvtech reserves the right to assert additional claims of the '671 Patent.

98.    Super Lighting, on information and belief, has indirectly infringed the '671 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '671 Accused Products while knowing that the '671 Accused Products infringe the '671 Patent.

99.    Upon information and belief, the '671 Accused Products satisfy each of the limitations of at least claim 1 of the '671 Patent, as further set forth in Exhibit 17 and incorporated herein.

100.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

101.    On information and belief, despite Super Lighting's knowledge of the '671 Patent and of its infringement of the '671 Patent, Super Lighting has not sought to remedy its infringement.

102.    As a result of Super Lighting's infringement of the '671 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

103.    In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 17 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 10,895,352

104.    Pvtech realleges, and incorporates fully herein, each preceding paragraph.

105.    The '352 Patent was duly and legally issued on January 19, 2021. The '352 Patent

is valid and enforceable. A copy of the '352 Patent is attached hereto as Exhibit 8, and the cover

page of the '352 Patent is provided below.



106.    Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '352 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 18 (the "'352 Accused Products"). Pvtech reserves the right to assert additional claims of the '352 Patent.

107.    Super Lighting, on information and belief, has indirectly infringed the '352 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '352 Accused Products while knowing that the '352 Accused Products infringe the '352 Patent.

108.    Upon information and belief, the '352 Accused Products satisfy each of the limitations of at least claim 1 of the '352 Patent, as further set forth in Exhibit 18 and incorporated herein.

109.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

110.    On information and belief, despite Super Lighting's knowledge of the '352 Patent and of its infringement of the '352 Patent, Super Lighting has not sought to remedy its infringement.

111.    As a result of Super Lighting's infringement of the '352 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

112.    In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 18 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 11,408,601

113. Pvtech realleges, and incorporates fully herein, each preceding paragraph.

114. The '601 Patent was duly and legally issued on August 9, 2022. The '601 Patent is valid and enforceable. A copy of the '601 Patent is attached hereto as Exhibit 9, and the cover page of the '601 Patent is provided below.



115.    Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '601 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products including, but not limited to, the lighting products identified in Exhibit 19 (the "'601 Accused Products"). Pvtech reserves the right to assert additional claims of the '601 Patent.

116.    Super Lighting, on information and belief, has indirectly infringed the '601 Patent in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '601 Accused Products while knowing that the '601 Accused Products infringe the '601 Patent.

117.    Upon information and belief, the '601 Accused Products satisfy each of the limitations of at least claim 1 of the '601 Patent, as further set forth in Exhibit 19 and incorporated herein.

118.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

119.    On information and belief, despite Super Lighting's knowledge of the '601 Patent and of its infringement of the '601 Patent, Super Lighting has not sought to remedy its infringement.

120.    As a result of Super Lighting's infringement of the '601 Patent, Pvtech has suffered and is owed monetary damages adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

121.    In addition, Super Lighting's infringing activities detailed in this Complaint and Exhibit 19 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights, justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **COUNT X: INFRINGEMENT OF U.S. PATENT NO. 11,083,065**

122.     Pvtech realleges, and incorporates fully herein, each preceding paragraph.

123.     The '065 Patent was duly and legally issued on August 3, 2021. The '065 Patent is valid and enforceable. A copy of the '065 Patent is attached hereto as Exhibit 10, and the cover page of the '065 Patent is provided below.



(12) **United States Patent**
Lu et al.

(10) Patent No.:  **US 11,083,065 B2**
(45) Date of Patent:        Aug. 3, 2021

(54) **DRIVING CIRCUIT DEVICE FOR ANTI-LEAKAGE LED TUBE WITH DUAL-END INPUT**

(71) Applicant: **Xiamen PVTECH Co., Ltd.**, Fujian (CN)

(72) Inventors: **Fuxing Lu**, Fujian (CN); **Rongtu Liu**, Fujian (CN)

(73) Assignee: **Xiamen PVTECH Co., Ltd.**, Fujian (CN)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **16/854,842**

(22) Filed: **Apr. 21, 2020**

(65) **Prior Publication Data**
US 2021/0204377 A1    Jul. 1, 2021

(30) **Foreign Application Priority Data**
Dec. 25, 2019   (CN) ...................... 201911364205.7

(51) Int. Cl.
*H05B 45/37*        (2020.01)
(52) U.S. Cl.
CPC ........................... *H05B 45/37* (2020.01)
(58) **Field of Classification Search**
CPC ........................... H05B 45/37; F21K 9/278
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2014/0239834 A1* | 8/2014 | Choi | H05B 45/37 315/205 |
| 2016/0174307 A1* | 6/2016 | Tao | H05B 45/37 315/85 |
| 2017/0311397 A1* | 10/2017 | Hsia | H02M 1/32 |

* cited by examiner

*Primary Examiner* — Alexander H Taningco
*Assistant Examiner* — Pedro C Fernandez
(74) *Attorney, Agent, or Firm* — Winston Hsu

(57) **ABSTRACT**

A driving circuit device for anti-leakage LED tube with dual-end input is provided. Two ends of the LED tube have two conductive pin assemblies electrically connected to mains supply. Each of the conductive pin assemblies includes two pins. One of the conductive pin assemblies is connected to an input bridge rectifier and has an output end. A constant current module has an input end. The input end of the constant current module is connected to the output end of the anti-leakage detection module. The anti-leakage detection module is provided for detecting a current state. A current is controlled to be outputted from the output end and to be inputted into the input end according to the current state, and the constant current module is changed to output a loop current not exceeding a rated standard.

**6 Claims, 3 Drawing Sheets**

124.    Super Lighting has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '065 Patent, in violation of 35 U.S.C. § 271(a) by making, using, selling, offering for sale, and/or importing into the United States infringing products

including, but not limited to, the lighting products identified in Exhibit 20 (the "'065 Accused

Products"). Pvtech reserves the right to assert additional claims of the '065 Patent.

125.    Super Lighting, on information and belief, has indirectly infringed the '065 Patent

in violation of 35 U.S.C. § 271(b) at least by inducing customers to purchase the '065 Accused

Products while knowing that the '065 Accused Products infringe the '065 Patent.

126.    Upon information and belief, the '065 Accused Products satisfy each of the

limitations of at least claim 1 of the '065 Patent, as further set forth in Exhibit 20 and

incorporated herein.

127.    Pvtech has no adequate remedy at law for Super Lighting's acts of infringement.

128.    On information and belief, despite Super Lighting's knowledge of the '065 Patent

and of its infringement of the '065 Patent, Super Lighting has not sought to remedy its

infringement.

129.    As a result of Super Lighting's infringement of the '065 Patent, Pvtech has

suffered and is owed monetary damages adequate to compensate it for the infringement under 35

U.S.C. § 284, but in no event less than a reasonable royalty.

130.    In addition, Super Lighting's infringing activities detailed in this Complaint and

Exhibit 20 have been willful, egregious, wanton, and deliberate in disregard to Pvtech's rights,

justifying a finding of willful infringement, enhanced damages under 35 U.S.C. § 284 and

attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Pvtech demands a trial by

jury on all issues triable of right by a jury.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff Pvtech respectfully requests the following relief:

A.      A judgment that Super Lighting has infringed and continues to infringe, either literally or under the doctrine of equivalents, the Patents-in-Suit;

B.      A permanent injunction prohibiting Super Lighting from further acts of infringement;

C.      A judgment and order requiring Super Lighting to pay Pvtech damages under 35 U.S.C. §§ 284 and 289;

D.      A judgment and order that Super Lighting has willfully infringed the Patents-in-Suit and requiring Super Lighting to pay Pvtech enhanced damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285;

E.      A judgment and order requiring Super Lighting to pay Pvtech pre-judgment and post-judgment interest on the damages award;

F.      A judgment and order requiring Super Lighting to pay Pvtech's costs; and

G.      Such other and further relief as the Court may deem just and proper.


Dated: December 10, 2025                    Respectfully submitted,

                                            */s/ Lionel M. Lavenue*
                                            Lionel M. Lavenue
                                            VA Bar No. 49005
                                            lionel.lavenue@finnegan.com
                                            FINNEGAN, HENDERSON, FARABOW,
                                              GARRETT & DUNNER, LLP
                                            1875 Explorer Street, Suite 800
                                            Reston, VA 20190-6023
                                            (571) 203-2700

                                            *Attorney for Plaintiff*
                                            *Xiamen Pvtech Corporation, Ltd.*